SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. HERMANN, OSB #126353**
Nicole.Hermann@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00042-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **TIMOTHY JUSTIN GRIFFITH,** | |
| **Defendant.** | |

Defendant comes before the Court for sentencing after pleading guilty to Threatening a Federal Official for making threats to kill federal agents at the Pendleton, Oregon FBI office. The facts of the instant offense combined with defendant's criminal history support the government's recommendation of a sentence of 9 months' imprisonment, the low end of the advisory guidelines range, followed by a three-year term of supervised release and a $100 fee assessment.

**Government's Sentencing Memorandum**                                                                  **Page 1**

## BACKGROUND

**A.      The Offense Conduct**

On November 12, 2024, at approximately 3:39 p.m., the FBI Office located in Pendleton, Oregon, received a phone call on their landline from an unidentified caller (later identified as the defendant). PSR ¶ 12. The FBI Special Agent on duty answered the call and heard defendant state, "All officers and agents in your resident office will be killed within the next 30 minutes. Have a good day." *Id*.  The defendant then hung up the phone abruptly. *Id*. The name that appeared on the caller identification was "Timothy Griffith." *Id*. Following the call, the Pendleton FBI office was closed down, secured, and the building was evacuated. Within a short period, FBI agents obtained GPS location data for the defendant's phone. PSR ¶ 13.  Agents determined the phone number was registered to "Justin Griffin" and was actively being used in the La Grande, Oregon area. *Id*.  Agents contacted La Grande Police for assistance in locating the defendant and learned that law enforcement in the area were familiar with the defendant and his behaviors in the community. However, law enforcement on the ground in La Grande were unable to locate defendant or his phone that night. *Id*.

The following day, La Grande police did locate defendant in the area and took him into custody on unrelated misdemeanor charges that defendant committed that morning. *Id*. at 14. During a post-arrest interview, the defendant denied making any phone calls to FBI and was later released on the new charges. The following day, defendant was again arrested by La Grande police for new charges he committed that morning. During this second arrest, defendant made derogatory comments towards the FBI and was in possession of his cell phone, which was seized by law enforcement. *Id*. Agents were able to confirm the cell phone taken from defendant was the same phone number that placed the threatening call to FBI two days prior.

**Government's Sentencing Memorandum**                                                    **Page 2**

On Monday morning, December 16, 2024, the same FBI agent who answered defendant's call on November 12, checked the Pendleton FBI landline for voicemails received over the weekend. One voicemail, left on December 14, 2024, at approximately 8:23 a.m., was from the defendant, who identified himself in the voicemail by name as "Timothy Griffith." The defendant's message indicated he wanted to recover his phone seized by police. *Id*.  He ended the message by stating, "Have a wonderful day." *Id*. The FBI agent noted that the voice in the message sounded similar to that of the caller from November 12th and the message included a similar closing statement to the threatening call. *Id*. Subsequent call records obtained by the FBI further confirmed defendant's phone made the threatening call to FBI on November 12, 2024.

**B.      The Charge and Plea Agreement**

On February 11, 2025, a federal grand jury returned a two-count Indictment alleging violations of 18 U.S.C. § 115(a)(1)(B), Threatening a Federal Official (Count 1), and 18 U.S.C. § 875(c), Interstate Communications with a Threat to Injure (Count 2). ECF No. 1. A warrant was issued for defendant's arrest, and on February 15, 2025, the defendant was arrested in Trinity County, California on unrelated state charges. He remained in state custody for a short period before being released to federal custody and made his initial appearance in the Eastern District of California on February 28, 2025. ECF No. 8.  Defendant was transferred to the District of Oregon in custody, and made his initial appearance on March 19, 2025, where he was detained. ECF No. 9.

On June 16, 2026, the defendant entered a plea of guilty to Count 1, Threatening a Federal Official. ECF No. 32. Following sentencing on Count 1, the government will move to dismiss Count 2.

**Government's Sentencing Memorandum**                                                    **Page 3**

### C.    Guideline Computations

The government agrees with the computations as outlined in the PSR and as discussed further below.  The parties agree that defendant's base offense level pursuant to USSG § 2A6.1(a) is 12. PSR ¶ 23.

The parties further agree that the defendant's single, short-duration, threatening call to FBI evidenced little or no deliberation and meets the specific offense characteristics outlined in USSG § 2A6.1(b)(6), thus a four-level downward adjustment applies. PSR ¶ 24.

The government agrees with the PSR determination that there are no victim-related adjustments or adjustments for role that apply. PSR ¶ 25 - 26.

Defendant's timely guilty plea also demonstrates that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case, which is reflected in a two-level adjustment for acceptance of responsibility. PSR ¶ 30.

Finally, the government agrees with Probation that the defendant scores twelve criminal history points, placing him in Criminal History Category V. PSR ¶ 51.

In summary, the government made the following calculations in determining the defendant's total offense level:

| Guideline | Government's Position |
|---|---|
| Base offense level — USSG § 2A6.1(a) | 12   (PSR  ¶ 23) |
| Single Instance with little or no deliberation – USSG § 2A6.1(b)(6) | -4   (PSR ¶ 24) |
| Acceptance of Responsibility— USSG § 3E1.1 | - 2   (PSR  ¶ 30) |
| **Total Offense Level** | **6** |
| Resulting Guideline Range | 9 – 15 months |

**ARGUMENT**

Defendant has a number of convictions spanning the last fourteen years to include felony assaults and prior communications of threats to kill.  Defendant also has a history of mental health challenges and a lack of stability in the community.  Shortly after committing the underlying incident, Defendant was arrested twice over the next two days for separate misdemeanor crimes in the La Grande area.  Defendant's history of repeated assaultive and threatening behavior demonstrates a disregard for the safety and well-being of those around him.

The government recommends a low-end guideline sentence of 9 months of imprisonment. This sentencing recommendation takes into account the applicable offense guidelines as well as Defendant's early willingness to take responsibility and resolve his case.  The nature and circumstances of the underlying offense demonstrate to the court that Defendant should not be granted any benefit beyond the reductions already provided, and he should be held accountable for his actions.  Defendant's history demonstrates repeated encounters with law enforcement and a pattern of threatening behaviors, alongside documented mental health challenges.  The government's sentencing recommendation is appropriate to prevent Defendant from committing additional offenses, deter him from such continued criminal conduct, and to protect the community.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Government's Sentencing Memorandum**                                      **Page 5**

**CONCLUSION**

Based on the foregoing, the government recommends that the Court impose a sentence of 9 months' imprisonment, followed by three years of supervised release, subject to the mandatory, standard, and special conditions proposed by the Probation Office, and imposition of a $100 statutory special fee assessment.

Dated: July 22, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Nicole M. Hermann*
NICOLE M. HERMANN, OSB #126353
Assistant United States Attorney

**Government's Sentencing Memorandum**                    **Page 6**